**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABRIEL FLORES DELGADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LORETTA E. LYNCH, ET AL.,<br><br>　　　　Respondents. | CASE NO. 1:15-CV-1006----SMS (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA<br><br>*Related case: 2:15-cv-1273 (D. Ariz.)* |

　　　　Petitioner is a prisoner with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("section 2241"). Petitioner is incarcerated at a federal detention center in Eloy, Arizona. Because Petitioner is confined in Arizona and the facts giving rise to his challenge occurred in Arizona, this case should have been brought in the United States District Court, District of Arizona, and it will be transferred there.

　　　　In addition, it appears that Petitioner had filed a substantially similar petition in the Central District of California, which was transferred first to the Eastern District of California and then, on July 9, 2015, to the District of Arizona. The District of Arizona case number is 2:15-CV-1273. Consolidation may be appropriate.

　　　　Petitioner alleges that he is a citizen of Mexico, and was admitted into the United States in 1994. Doc. 1 at ¶ 17. He lived in Salem, Oregon, where he has two minor children, for several decades. Id. at ¶ 6. He alleges that he was convicted in Marion County, Oregon for sex abuse, but the case was eventually "vacated." Id. at ¶19.  He has been in immigration detention since July

2012. Id. at ¶ 1. He alleges that he is being detained pending a decision on whether he is to be removed from the United States. Id. at 5:13-18. At a bond hearing in March 2015, pursuant to *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008), an immigration judge found that Petitioner was a danger to the community and should not be released. Id. at ¶ 25. Petitioner believes that the Department of Homeland Security had not met its burden at the bond hearing to show by clear and convincing evidence that Petitioner was a danger to the community. Id. at ¶ 25, 26. He points to his disciplinary record, criminal record, mental health reports, evidence of rehabilitation, history of flight, prior immigration history, and family ties. Id. at ¶ 26. Petitioner has been waiting for his removal trial for almost three years. Id. at ¶ 34. Petitioner desires to be released on bond subject to supervision in order to care for his family and his medical needs. See Doc. 1.

Venue in a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitions challenging conviction are preferably heard in the district of conviction. Habeas L. R. 2254-3(a) (b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court, may, on the court's own motion, be transferred to the proper court.

Here, Petitioner states that venue is proper in the Arizona District Court because he is detained in Eloy, Arizona and the records to his claim are likely to be found in Arizona. Doc. 1 at ¶ 16, 9:2-7. He brings this action against respondents who are mostly located in Arizona including two immigration judges, the warden at the Eloy Correctional Center, and the Arizona director for the U.S. Immigration and Customs Enforcement. Petitioner disagrees with the results of at least one bond hearing, at which an immigration judge found that his release would pose a danger to the community. He believes he is being held in violation of his constitutional rights.

Petitioner is both being held in Arizona and is challenging actions occurring in Arizona.

Transfer to the District of Arizona would serve the convenience of the parties and witnesses and the interest of justice. Hence, venue in Arizona is preferred.

Therefore, it is hereby ORDERED that this action is transferred to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

Dated:   **July 22, 2015**              **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE